IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:05cv49-A |
| ) | |
| EDDISON SMITH, SR., et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

This cause is before the court on a Motion to Dismiss (Doc. #11) filed by Defendants Mary Ann Johnson, Cheryl Johnson, individually, and Cheryl Johnson, as next friend of Samuel Johnson, a minor, on March 4, 2005 and an Order (Doc. #21) requiring Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

Plaintiff Allstate Insurance Company ("Allstate") originally filed a Complaint (Doc. #1) in this case on January 20, 2005, seeking a declaratory judgment that there is no coverage under its policy for claims against Smith in the underlying suit and Allstate has no duty to defend or indemnify Smith for the underlying suit.

On May 5, 2005, the court ordered Allstate to show cause, if any there be, why this case should not be dismissed without prejudice for lack of subject matter jurisdiction based on the failure to allege a justiciable controversy.  Specifically, the court found that Allstate's Complaint does not allege that the Defendant, Eddison Smith, Sr., has demanded a defense or indemnity from Allstate in regard to the underlying state court suit.  On May 16, 2005, Plaintiff filed a Response to Show Cause Order (Doc. #22), producing an affidavit from Shasta Reeves, the office manager of Dee Madison Insurance Agency in Lee County, Alabama.  Pl. Resp. to Show

Cause Order, Exh. C.  Reeves stated that her agency is the agent of record for Allstate Homeowner's policy number 615628070 issued to Eddison James Smith, Sr.  Id.  Furthermore, Reeves stated that on May 21, 2004, Smith personally delivered suit papers from a lawsuit filed against him in Macon County, Alabama to her office.  Id.  At that time, Smith made a claim for coverage under his Allstate Homeowners policy number 615628070 for the claims made against him in the lawsuit.  Id.

Having considered the evidence submitted relating to the court's jurisdiction and parties' briefs, this court finds that it has jurisdiction pursuant to 28 U.S.C. §§ 1332 and 2201 to render a declaratory judgment establishing the parties' rights under the Allstate contract of insurance.  See Garcia v. Copenhaver, Bell & Assocs., 104 F.3d 1256, 1261 (11th Cir. 1997) (approving the district court's power to make findings of fact and to weigh evidence in the form of testimony or affidavits relating to the facts material to jurisdiction); see also Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270 (1941); Cincinnati Ins. Co. v. Holbrook, 867 F.2d 1330 (11th Cir. 1989), abrogated on other grounds, Wilton v. Seven Falls Co., 515 U.S. 277 (1995).

The parties dispute whether this court should exercise its discretion to entertain Allstate's request for declaratory relief.  The Declaratory Judgment Act states that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C. § 2201 (emphasis added).  The controversy here is clear and definite.  A decision would settle the issue that creates the uncertainty as to the parties' rights.  See Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937).  The Court concludes from the applicable case law and the evidentiary factors in this action that this Court should exercise its discretionary authority to entertain the action.

2

The Motion to Dismiss is Ordered DENIED.  Defendants are hereby given ten (10) days to answer the Complaint.

Done this 31st day of May, 2005.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE